FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2015 APR -1 P 1:50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**JOAN FINDLATER**

      **Plaintiff(s)**

v.

Case No. 3:15-cv-412-J-32JBT

**AMERICAN CORADIUS INTERNATIONAL, LLC,**
    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

JOAN FINDLATER ("Ms. Findlater" or "Plaintiff") sues AMERICAN CORADIUS INTERNATIONAL, LLC ("ACI" or "Defendant"), and states:

### I. INTRODUCTION

1.    This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a-1692g (hereinafter referred to as "FDCPA"), which, inter alia, prohibit debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. PARTIES

2.    Plaintiff is a natural person residing in Putnam County, FL. At all times material, Plaintiff resided in Duval County, Florida. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

3.    ACI is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Its principal place of business is located at 2420 Sweet Home Rd, Suite 150, Amherst, NY 14228. ACI's principal business is the collection of third party debts.

### III. JURISDICTION AND VENUE

1

4.      Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that the alleged violation by ACI took place in Palatka, Putnam County, FL.

## IV. FACTUAL ALLEGATIONS

5.      On December 24, 2009 (the "Petition Date"), Plaintiff filed a petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case No. 3:09-bk-10796-JAF (the "Bankruptcy Case"). A copy of the redacted § 341 Notice is attached as Exhibit 1.

6.      Plaintiff, along with her husband, filed their Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, (i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; and (ii) a financial "fresh start".

7.      As required by the Bankruptcy Code, the Findlaters filed their schedules, lists, and statements in their Bankruptcy Case. National Collegiate Student Loan Trust 2007-3 ("NCSL") was included in the Schedule F of unsecured creditors. The original creditor was listed as "National College, LLC, 1200 North 7th Street, Harrisburg, PA 17102" with balance of $23,507.

8.      The debt listed on Schedule F is the same debt which Defendant now attempts to collect in contravention of the Bankruptcy Code and the automatic stay of 11 U.S.C. § 362. A redacted copy of the relevant page from Ms. Findlater's Schedule F is attached as Exhibit 2.

9.      The debt at issue is a consumer debt. The debt stems from student loans.

10.      On December 31, 2009, the original creditor received electronic notice of the

2

Bankruptcy Case and the meeting of creditors. *See* Certificate of Notice, Doc. No. 16, page 5 of 6, attached as Exhibit 3.

11.     On December 30, 2009, the Findlaters filed their Chapter 11 Plan of Reorganization (the "Chapter 11 Plan"), which provided for disposable income payments of $50 per month distributed pro rata to unsecured creditors. The original creditor would receive a portion of these payments on account of its unsecured claim.

12.     On October 7, 2010, the Court entered an Order Confirming Debtor's Plan of Reorganization (the "Confirmation Order").

13.     Ms. Findlater commenced making payments pursuant to the Confirmation Order. Ms. Findlater has complied with the provisions of the Confirmation Order.

14.     Upon Ms. Findlater's request, on March 16, 2012, the Court entered an Order Administratively Closing the Chapter 11 Case ("Admin. Close Order"). A copy of the Admin Close Order is attached as Exhibit 4. As reflected in paragraph 3 of the Admin Close Order, the automatic stay of 11 U.S.C. 362 remains in effect. Furthermore, the provisions of the Confirmation Order continue to bind Ms. Findlater and her creditors, including Defendant. Although Defendant holds a non-dischargeable claim, the automatic stay prohibits continued collection on the account.

15.     On or about March 17, 2015, despite the automatic stay entered in the Bankruptcy Case and the provisions of the FDCPA, ACI mailed a demand for payment to Ms. Findlater for collection of the pre-petition debt which had been included in Ms. Findlater's Chapter 11. A copy of the demand for payment letter is attached as Exhibit 5.

16.     Upon information and belief, ACI has also recently called Ms. Findlater seeking to collect the pre-petition debt.

3

## V. CLAIMS FOR RELIEF
## COUNT I – FDCPA VIOLATIONS

17.     The Plaintiff realleges the factual allegations in paragraphs one (1) through sixteen (16) above.

18.     In order to establish a cause of action under the FDCPA, Plaintiff must prove that: (1) Plaintiff is a consumer; (2) the debt at issue is a consumer debt; (3) Defendant is a debt collector; and (4) Defendant violated the FDCPA. As stated above, all four elements are met in the instant case.

19.     While Plaintiff asserts multiple violations of the FDCPA, a single violation of any FDCPA provision is sufficient to establish liability. *See* 15 U.S.C. § 1692k; *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993). A debt collector that violates any provision of the FDCPA is liable for (1) actual damages, (2) statutory damages up to $1,000 per Plaintiff, and (3) costs and attorney fees associated with the bringing of a successful action to enforce the provisions of the FDCPA.

20.     "Most courts, including the Eleventh Circuit, have treated the FDCPA as a strict liability statute, such that no evidence of intent to mislead or deceive is necessary." *Milton v. LTD Fin. Servs*, 2011 U.S. Dist. LEXIS 7426 (S.D. Ga. 2011) (citing *Owen v. I.C. System, Inc.*, 629 F.3d 1263 (11th Cir. 2011). Thus, Defendant's malevolence or lack thereof, is irrelevant in establishing liability.

21.     ACI violated the FDCPA. Defendant's violations include, but are not limited to, the following:

      a.     ACI misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A). The demand for payment letter implied that collection activities would continue, although collection activities were already barred by virtue of

4

11 U.S.C. § 362. ACI implicitly threatened further collection action that could not legally be taken, thereby violating 15 U.S.C. § 1692e(5).

b.      ACI misrepresented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) as the collection letter stated "Account Balance: $25,923.13" and by offering options to make monthly payments on the outstanding debt. *See* Exhibit 5. However, the Plaintiff was not subject to collection given the automatic stay in the pending Bankruptcy Case. Defendant had not filed a motion for relief from stay that would authorize it to pursue collection. The collection notice did not qualify any statement made which might have informed Plaintiff that the collection attempt did not apply if the debtor was the subject of a pending bankruptcy proceeding. The Bankruptcy Code prohibits preferential payments of creditors and ACI sought preferential payment. Each unsecured creditor is entitled to receive its pro rata share of any distribution through the Chapter 11 case, which is often only a small percentage of any unsecured claim. By attempting to receive payment in full, ACI sought a windfall at the expense of other creditors in the Bankruptcy Case.

c.      By sending a collection notice to a debtor in bankruptcy, Defendant used unfair means to attempt to collect the debt thereby violating 15 U.S.C. § 1692f(1). Specifically, Defendant sought to recover amounts not permitted by law.

22.     ACI violated multiple provisions of the FDCPA as outlined above, including 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692f, 1692f(1). Accordingly, ACI is liable to Ms. Findlater for actual damages, statutory damages, and reimbursement of attorney fees and costs associated with the filing of this action.

WHEREFORE, Plaintiff respectfully prays for (i) declaratory judgment in favor of Ms.

5

Findlater finding ACI violated the above stated provisions of the FDCPA; (ii) judgment in favor of Ms. Findlater awarding actual and statutory damages; (iii) an award equal to any and all attorney fees and costs associated with bringing this action; and (iv) any and all other relief that the Court deems necessary and just.

The Plaintiff demands a jury trial on all issues so triable.

DATED this 1st day of April, 2015.

Law Offices of Mickler & Mickler

By: /s/ Taylor J. King
    TAYLOR J. KING
    Attorney for Plaintiff
    5452 Arlington Expressway
    Jacksonville, Florida 32211
    (904) 725-0822\FAX 725-0855
    Florida Bar No. 72049
    tjking@planlaw.com

6

**EXHIBIT 1 – Redacted Section 341 Notice of Commencement of Bankruptcy Case**

FORM B9E Alt. (Chapter 11 Individual or Joint Debtor Case) (12/07)                    Case Number **3:09–bk–10796–JAF**

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

# Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines
A chapter 11 bankruptcy case concerning the debtor(s) listed below was filed on December 24, 2009 .

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE:  The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| | |
|---|---|
| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
| Barrington Malone Findlater | Joan Gayle Findlater |
| 106 W···· ··· ·· | aka Joan Hyman Findlater, aka Joan Gayle |
| 1 | Hyman–Findlater, aka Joan O. Findlater |
| Case Number: 3:09–bk–10796–JAF | Social Security/Taxpayer ID/Employer ID/Other Nos.: xxx–xx· xxx–xx· |
| Attorney for Debtor(s) (name and address): Bryan K. Mickler 5452 Arlington Expressway Jacksonville, FL 32211 Telephone number:  904–725–0822 | |

### Meeting of Creditors
Debtor(s) must present Photo ID and acceptable proof of Social Security Number at §§ 341 meeting.
You are reminded that Local Rule 5073–1 restricts the entry of cellular telephones into the Courthouse.

Date:  **February 3, 2010**                    Time:  **02:00 PM**
Location:  **FIRST FLOOR, 300 North Hogan St. Suite 1–200, Jacksonville, FL 32202**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): May 4, 2010          For a governmental unit: 180 days from the date of filing

### Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

### Deadline to File a Complaint to Determine Dischargeability of Certain Debts: April 5, 2010

### Deadline to File a Complaint Objecting to Discharge of the Debtor:
*First date set for hearing on confirmation of plan.*
Notice of that date will be sent at a later time.

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| Address of the Bankruptcy Clerk's Office: 300 North Hogan Street Suite 3–350 Jacksonville, FL 32202 Telephone number:  904–301–6490 | **For the Court:** Clerk of the Bankruptcy Court: Lee Ann Bennett |
| Hours Open:  Monday – Friday 8:30 AM – 4:00 PM | Date:   December 29, 2009 |

# EXPLANATIONS

FORM B9E Alt (12/07)

| | |
|---|---|
| **Filing of Chapter 11 Bankruptcy Case** | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| **Creditors Generally May Not Take Certain Actions** | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| **Meeting of Creditors** | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| **Claims** | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you file a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| **Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code § 1141(d). Unless the court orders otherwise, however, the discharge will not be effective until completion of all payments under the plan. A discharge means that you may never try to collect the debt from the debtor except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code §§ 523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §§ 1141(d)(3), you must file a complaint with the required filing fee in the bankruptcy clerk's office not later than the first date set for the hearing on confirmation of the plan. You will be sent another notice informing you of that date. |
| **Exempt Property** | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| **Bankruptcy Clerk's Office** | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| **Creditor with a Foreign Address** | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## — Refer to Other Side for Important Deadlines and Notices —

| | |
|---|---|
| **Voice Case Info. System (VCIS)** | For use with a touch-tone phone only; using the dial pad VCIS will provide the caller with basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. VCIS is accessible 24 hours a day except when routine maintenance is performed. To access VCIS toll free call 1-866-879-1286. |

**EXHIBIT 2 – Redacted copy of Plaintiff's Schedule F listing relevant debt being collected by Defendant**

B6F (Official Form 6F) (12/07) - Cont.

In re **Barrington Malone Findlater,**
       **Joan Gayle Findlater**

Case No.   **3:09-bk-10796**

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>Kane Furn<br>PO Box 182273<br>Attn: Customer Service<br>Columbus, OH 43218-2273 | | H | Opened 5/01/06 Last Active 2/01/07<br>Charge Account | | | | Unknown |
| Account No. <br><br>National College<br>1200 North 7th Street<br>Harrisburg, PA 17102 | | J | Opened 7/01/07<br>Educational | | | | 23,507.00 |
| Account No. 5 <br><br>Sears/Cbsd<br>Po Box 6189<br>Sioux Falls, SD 57117 | | J | Opened 12/01/90 Last Active 7/02/09 | | | | 8,863.00 |
| Account No. <br><br>Thd/Cbsd<br>Po Box 6497<br>Sioux Falls, SD 57117 | | J | Opened 6/15/07 Last Active 6/24/09 | | | | 6,269.00 |
| Account No. <br><br>The Home Depot/Cbsd<br>PO Box 6497<br>Sioux Falls, SD 57117 | | J | Opened 7/02/04 Last Active 7/29/09<br>Charge Account | | | | 14,584.00 |

Sheet no. __5__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

53,223.00

**EXHIBIT 3 – Certificate of Notice issued by Bankruptcy Noticing Center reflected notice of Bankruptcy sent to original creditor**

FORM B9E Alt. (Chapter 11 Individual or Joint Debtor Case) (12/07)                    Case Number 3:09−bk−10796−JAF

# UNITED STATES BANKRUPTCY COURT
## Middle District of Florida

# Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines
A chapter 11 bankruptcy case concerning the debtor(s) listed below was filed on December 24, 2009 .

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below.
NOTE:   The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

| Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address): | |
|---|---|
| Barrington Malone Findlater<br>'                          e<br>          32177 | Joan Gayle Findlater<br>aka Joan Hyman Findlater, aka Joan Gayle<br>Hyman−Findlater, aka Joan O. Findlater |

| Case Number:<br>3:09−bk−10796−JAF | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>xxx−xx<br>xxx−xx |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Bryan K. Mickler<br>5452 Arlington Expressway<br>Jacksonville, FL 32211<br>Telephone number:   904−725−0822 | |

## Meeting of Creditors
Debtor(s) must present Photo ID and acceptable proof of Social Security Number at §§ 341 meeting.
You are reminded that Local Rule 5073−1 restricts the entry of cellular telephones into the Courthouse.

Date:   **February 3, 2010**                         Time:   **02:00 PM**
Location:   **FIRST FLOOR, 300 North Hogan St. Suite 1−200, Jacksonville, FL 32202**

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): May 4, 2010        For a governmental unit: 180 days from the date of filing

### Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

## Deadline to File a Complaint to Determine Dischargeability of Certain Debts: April 5, 2010

### Deadline to File a Complaint Objecting to Discharge of the Debtor:
*First date set for hearing on confirmation of plan.*
Notice of that date will be sent at a later time.

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| Address of the Bankruptcy Clerk's Office:<br>300 North Hogan Street Suite 3−350<br>Jacksonville, FL 32202<br>Telephone number:   904−301−6490 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Lee Ann Bennett |
|---|---|
| Hours Open:   Monday − Friday 8:30 AM − 4:00 PM | Date:   December 29, 2009 |

## EXPLANATIONS

FORM B9E Alt (12/07)

| | |
|---|---|
| **Filing of Chapter 11 Bankruptcy Case** | A bankruptcy case under Chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the court. You may be sent a copy of the plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan. You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the debtor's property and may continue to operate any business. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| **Creditors Generally May Not Take Certain Actions** | Prohibited collection actions are listed in Bankruptcy Code §§ 362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| **Meeting of Creditors** | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. The court, after notice and a hearing, may order that the United States trustee not convene the meeting if the debtor has filed a plan for which the debtor solicited acceptances before filing the case. |
| **Claims** | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is *not* listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you file a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all *or* if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Foreign Creditor:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| **Discharge of Debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See Bankruptcy Code §§ 1141(d). Unless the court orders otherwise, however, the discharge will not be effective until completion of all payments under the plan. A discharge means that you may never try to collect the debt from the debtor except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code §§ 523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §§ 1141(d)(3), you must file a complaint with the required filing fee in the bankruptcy clerk's office not later than the first date set for the hearing on confirmation of the plan. You will be sent another notice informing you of that date. |
| **Exempt Property** | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| **Bankruptcy Clerk's Office** | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| **Creditor with a Foreign Address** | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

### –– Refer to Other Side for Important Deadlines and Notices ––

| | |
|---|---|
| **Voice Case Info. System (VCIS)** | For use with a touch–tone phone only; using the dial pad VCIS will provide the caller with basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. VCIS is accessible 24 hours a day except when routine maintenance is performed. To access VCIS toll free call 1–866–879–1286. |

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT Middle District of Florida | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Barrington Malone Findlater | Case Number: |
| Joan Gayle Findlater | 3:09-10796-JAF |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: | **Court Claim Number:**_____ <br> *(If known)* <br><br> Filed on:_____ |
| Telephone number: | |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| | ☐ Check this box if you are the debtor or trustee in this case. |
| Telephone number: | |

| **1. Amount of Claim as of Date Case Filed:**        $_____ | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** |
|---|---|
| If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** _____ <br>  (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____ <br><br>    **3a. Debtor may have scheduled account as:** _____ <br>       (See instruction #3a on reverse side.) | |
| **4. Secured Claim (See instruction #4 on reverse side.)** <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. | ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5). |
| **Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other <br> Describe: | ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7). |
| **Value of Property:** $_____  **Annual Interest Rate**____% | ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8). |
| **Amount of arrearage and other charges as of time case filed included in secured claim,** <br><br> **if any:** $_____  **Basis for perfection:** _____ | ☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **Amount of Secured Claim:** $_____  **Amount Unsecured:** $_____ | |

| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:** <br><br> $_____ |
|---|---|
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br><br> If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| **Date:** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (12/08) - Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a):**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

———— **DEFINITIONS** ————                                    ———— **INFORMATION** ————

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# CERTIFICATE OF NOTICE

District/off: 113A-3          User: grimmc          Page 1 of 2          Date Rcvd: Dec 29, 2009
Case: 09-10796               Form ID: B9E2          Total Noticed: 41

The following entities were noticed by first class mail on Dec 31, 2009.
db/jdb       +Barrington Malone Findlater,   Joan Gayle Findlater,
              r·           ·L
aty          +Bí          c              Lington Expressway,   Jacksonville, FL 32211-6860
17478101     +Americas Servicing Co,   P.O. Box 10328,   Des Moines, IA 50328-0001
17478102     +Aurora Loan Services, LLC,   10350 Park Meadows Dr St,   Littleton, CO 80124-6800
17478103     +Bac Home Loans Servici,   450 American Street,   Simi Valley, CA 93065-6285
17478104     +Bac Home Loans Servicing,   450 American Street,   Simi Valley, CA 93065-6285
17478106      Bank Of America,   P.O. Box 7047,   Dover, DE 19903
17478105     +Bank Of America,   PO Box 1598,   Norfolk, VA 23501-1598
17478107     +Capital Management Services,   726 Exchange Street,   Suite 700,   Buffalo, NY 14210-1464
17478108     +Capital One, N.A.,   2730 Liberty Ave,   Pittsburgh, PA 15222-4704
17478109     +Carmax Auto Finance,   2040 Thalbro St,   Richmond, VA 23230-3200
17478113     +Citi,   Po Box 6241,   Sioux Falls, SD 57117-6241
17478114     +Citibank,   PO Box 6241,   Sioux Falls, SD 57117-6241
17478116     +First Coast Community,   306 S Palm Ave,   Palatka, FL 32177-4144
17478117      First Federal,   Florida P.O. Box 798,   Palatka, FL 32077
17478118     +First Horizon Home Loa,   4000 Horizon Way,   Irving, TX 75063-2260
17478124     +Gmac Mortgage Llc,   3451 Hammond Ave,   Waterloo, IA 50702-5300
17478126      John Wolfender,   33 Old Daniel Road,   Daytona Beach, FL 32117
17478127      Kane Furn,   PO Box 182273,   Attn: Customer Service,   Columbus, OH 43218-2273
17478128     +National College,   1200 North 7th Street,   Harrisburg, PA 17102-1419
17478129     +Sears/Cbsd,   Po Box 6189,   Sioux Falls, SD 57117-6189
17488228     +Secretary of the Treasury,   15th & Pennsylvania Ave., NW,   Washington, DC 20220-0001
17478130     +Thd/Cbsd,   Po Box 6497,   Sioux Falls, SD 57117-6497
17478131     +The Home Depot/Cbsd,   PO Box 6497,   Sioux Falls, SD 57117-6497
17478132     +The Home Depot/Citibank,   110 Lake Drive,   Bldg L Floor 1 Zone 3,   Newark, DE 19702-3317
17488227     +U.S. Securities & Exchange Commission,   Reorganization Branch, Atlanta,
              3475 Lenox Rd., NE, Ste. 1000,   Atlanta, GA 30326-3235
17488229     +United States Attorney,   300 North Hogan St Suite 700,   Jacksonville, FL 32202-4204
17478134     +Vision/DSNB,   9111 Duke Blvd,   Mason, OH 45040-8999
17478135      Wagner & Hunt, PA,   P O Box 934788,   Pompano Beach, FL 33093-4788

The following entities were noticed by electronic transmission on Dec 29, 2009.
ust          +E-mail/Text: ustp.region21.or.ecf@usdoj.gov                       United States Trustee - JAX,
              135 W Central Blvd, Suite 620,   Orlando, FL 32801-2440
17478098     +EDI: AMEREXPR.COM Dec 29 2009 19:18:00     American Express,   PO Box 297871,
              Fort Lauderdale, FL 33329-7871
17478105     +EDI: BANKAMER2.COM Dec 29 2009 19:18:00     Bank Of America,   PO Box 1598,
              Norfolk, VA 23501-1598
17478110     +EDI: CHASE.COM Dec 29 2009 19:18:00     Chase,   201 N Walnut Street,   Mailstop De1-1027,
              Wilmington, DE 19801-2920
17478111     +EDI: CHASE.COM Dec 29 2009 19:18:00     Chase,   PO Box 15298,   Wilmington, DE 19850-5298
17478112     +EDI: CHASE.COM Dec 29 2009 19:18:00     Chase,   201 N. Walnut Street,
              Wilmington, DE 19801-2920
17478113     +EDI: CITICORP.COM Dec 29 2009 19:18:00      Citi,   Po Box 6241,   Sioux Falls, SD 57117-6241
17478114     +EDI: CITICORP.COM Dec 29 2009 19:18:00      Citibank,   PO Box 6241,   Sioux Falls, SD 57117-6241
17478115      EDI: DISCOVER.COM Dec 29 2009 19:18:00      Discover Card,   PO Box15316,   Att:Cms/Prod Develop,
              Wilmington, DE 19850-5316
17488226      EDI: FLDEPREV.COM Dec 29 2009 19:18:00      Florida Dept. of Revenue,   Bankruptcy Unit,
              P.O. Box 6668,   Tallahassee, FL 32314-6668
17478125      EDI: RMSC.COM Dec 29 2009 19:18:00      Green Tree Servicing, LLC,   332 Minnesota Street,
              Ste 610,   Saint Paul, MN 55101
17478120     +EDI: RMSC.COM Dec 29 2009 19:18:00      Gemb/J C Penney,   P O Box 960001,
              Orlando, FL 32896-0001
17478121     +EDI: RMSC.COM Dec 29 2009 19:18:00      Gemb/Lowes DC,   PO Box 981416,   El Paso, TX 79998-1416
17478123     +EDI: RMSC.COM Dec 29 2009 19:18:00      Gemb/Lowes PC,   PO Box 981416,   El Paso, TX 79998-1416
17488230      EDI: IRS.COM Dec 29 2009 19:18:00      Internal Revenue Service,   PO Box 21126,
              Philadelphia, PA 19114
17478129     +EDI: SEARS.COM Dec 29 2009 19:18:00      Sears/Cbsd,   Po Box 6189,   Sioux Falls, SD 57117-6189
                                                                                              TOTAL: 16

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
17478119      Gemb/Chevron
17478122      Gemb/Lowes DC
17478133      Various Tenants
17478100*    +American Express,   P O Box 297871,   Fort Lauderdale, FL 33329-7871
17478099*     American Express,   P.O. Box 297871,   Fort Lauderdale, FL 33329-7871
                                                                                              TOTALS: 3, * 2

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
District/off: 113A-3          User: grimmc              Page 2 of 2              Date Rcvd: Dec 29, 2009
Case: 09-10796               Form ID: B9E2             Total Noticed: 41

          ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Dec 31, 2009**                    **Signature:**

**EXHIBIT 4 – Order Administratively Closing Bankruptcy Case and specifying that Automatic Stay remains in effect notwithstanding administrative closure**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:      BARRINGTON MALONE FINDLATER
            JOAN GAYLE FINDLATER

CASE NO.: 3:09-bk-10796-JAF

_____ Debtors _____/

**ORDER GRANTING MOTION FOR ENTRY OF ORDER CLOSING ESTATE**

THIS CASE came on for consideration without a hearing on the Debtors' Motion to Administratively Close Individual Chapter 11 Case (Doc. No. 159) ("Motion") pursuant to the negative notice provisions of Local Rule 2002-4. The Court, considering the Motion and the absence of any record objection to the relief requested in the Motion by any party in interest, deems the Motion to be uncontested. The Court finds that the Debtors' Plan of Reorganization (Doc. No. 13) has been substantially consummated as defined by 11 U.S.C. § 1101(2) and the estate has been fully administered, except for the completion of all Plan payments.

Accordingly, it is

**ORDERED**

1. The Motion is GRANTED.

2. This Individual Chapter 11 case is hereby ADMINISTRATIVELY CLOSED.

3. This Order shall not constitute an order closing this case for purposes of 28 U.S.C. § 1930 Appendix (11), 11 U.S.C. § 362(c)(2)(A) or Fed. R. Bankr. P. 4006.

4. As set forth in 11 U.S.C. § 1141(a), the provisions of the confirmed plan and confirmation order shall continue to bind the Debtors, the creditors, and other parties in interest.

[Intentionally Left Blank]

1

5.  The Debtors, any creditor, or any other party in interest may file a motion to reopen the case

for cause without the necessity of paying a filing fee.

**Dated** this _15_ day of March, 2012 in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:

Bryan K. Mickler
Assistant U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801
All interested parties

2

**EXHIBIT 5 – Demand for Payment Letter dated March 17, 2015**

35A RUST LANE
BOERNE, TX 78006-8202



American Coradius International LLC

Toll Free: 1-855-224-5167

| Creditor: | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 |
| Account Number: | |
| Reference Number: | |
| Account Balance: | $25,932.13 |
| Amount Remitted: | $ |

March 17, 2015

NTC1M
1 MB  *A-02-CR9-AM-02658-12

BARRINGTON FINDLATER
JOAN HYMAN-FINDLATER

**Make Checks Payable to:**

AMERICAN CORADIUS INTERNATIONAL LLC
2420 SWEET HOME RD STE 150
AMHERST NY 14228-2244

---

*PLEASE DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED*

---

| Creditor | Account # | Account Balance |
|---|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 | | $25,932.13 |

Dear Barrington Findlater
     Joan Hyman-Findlater

We are writing to you regarding your NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-3 account. This account has been placed with our office for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

American Coradius International LLC
A Professional Debt Recovery Agency

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
Calls to or from this company may be monitored or recorded for quality assurance purposes.

For your convenience you can now resolve this matter online . Logon to www.acibillpay.com to see the repayment options available to you.
You will need your 7 digit ACI reference number 7272471 available when you log in.
You can now make payment arrangements on your account using checking, credit card or debit card accounts.

Office Address: 2420 Sweet Home Rd Ste 150, Amherst NY 14228-2244
Hours of Operation: Mon-Thurs: 8AM-8PM, Fri: 8AM-5PM, Sat: 8AM-12PM EST

ACIL